IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UNCONDITIONAL LOVE INC., *et al.*,[1] | Case No. 23-11759 (MFW) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING
THE REJECTION OF THE EQUIPMENT LEASES, EFFECTIVE AS
OF THE REJECTION EFFECTIVE DATE, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) authorizing, but not directing, the Debtors to reject, effective as of the Rejection Effective Date (as defined below), certain unexpired equipment leases, including any amendments, supplements, or modifications thereto, each as set forth on Exhibit 1 to the Proposed Order, and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Erica Buxton in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Unconditional Love Inc. d/b/a Hello Bello (5895), Unconditional Love Canada, Inc., and The Best Training Pants in the World Inc. (9369). The Debtors' headquarters is located at 17383 Sunset Blvd, Suite B200, Pacific Palisades, CA 90272.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 365, 554, and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committee has been appointed in these Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

**RELIEF REQUESTED**

7.  By this Motion, the Debtors seek entry of the Proposed Order authorizing, but not directing, the Debtors to reject the Equipment Leases, and any and all agreements, amendments, and modifications thereto (as defined below), effective as of 11:59 p.m. (prevailing Eastern Time) on the date which is one (1) business day following notice (with email being sufficient) from the Debtors to the Equipment Lessors (as defined below) that such rejection will become effective (the "Rejection Effective Date").

**REJECTION OF UNEXPIRED LEASES**

A.  **Rejection of the Equipment Leases**

8.  Debtor Unconditional Love Inc. is party to multiple master equipment leases, including, but not limited to: (i) that certain Master Equipment Lease Agreement No. 2022092, dated as of December 12, 2022, by and between CSC Leasing Co. ("CSC") and Unconditional Love Inc., and (ii) that certain Master Lease Agreement, dated as of December 1, 2022, by and between SGC Capital Corporation ("SGC," and, together with CSC, the "Equipment Lessors") and Unconditional Love Inc. (collectively, as amended, supplemented, or otherwise modified from time to time, the "Equipment Leases").  Pursuant to the Equipment Leases, the Debtors lease certain diaper manufacturing lines and other related manufacturing equipment and material handling equipment (the "Equipment") at the Debtors' manufacturing facility located at 2101 Texas Central Pkwy, Waco, Texas 76712 (the "Texas Manufacturing Facility").

9.  As described in greater detail in the First Day Declaration, in the first few years after their founding, the Debtors outsourced the manufacturing of their diaper products to third party manufacturers.  In 2021, the Debtors made the strategic choice to vertically integrate their diaper productions and launch their own manufacturing facility in Waco, Texas, to gain control

over manufacturing costs and increase flexibility over the design of the diapers. The Debtors ultimately launched four (4) diaper manufacturing lines.

10. Prior to filing these Chapter 11 Cases, the Debtors entered into that certain Asset Purchase Agreement, dated as of October 23, 2023 (the "Stalking Horse APA") to sell their Assets (as defined in the Stalking Horse APA) to Bucky Acquisition Holdco LLC (the "Stalking Horse Bidder") in a transaction valued at approximately $65 million (the "Stalking Horse Bid"), free and clear of all claims or encumbrances (other than Assumed Liabilities and Permitted Liens, as defined in the Stalking Horse APA). Under the current terms of the Stalking Horse APA, the Debtors will assume and assign two of the four diaper manufacturing lines to the Stalking Horse Bidder. As described in greater detail in the Bidding Procedures Motion,[3] and in accordance with the Bidding Procedures (as described in the Bidding Procedures Motion), the Stalking Horse Bid is subject to higher or otherwise better bids for the assets. If the Debtors do not receive any Qualified Bids prior to the Bid Deadline (each as defined in the Bidding Procedures Motion), the Debtors plan to immediately seek approval of the Stalking Horse Bid, rendering the Equipment Leases with CSC and SCG unnecessary for the Debtors' estates.

11. The Debtors have determined in their business judgment that it is in their best interests to reject the unexpired Equipment Leases, effective as of 11:59 p.m. (prevailing Eastern Time) on the date which is one (1) business day following notice (with email being sufficient) from the Debtors to the applicable Equipment Lessors that rejection will become effective (the "Rejection Effective Date") for several reasons. First, continuing to operate all four diaper

---

[3] "Bidding Procedures Motion" means the *Motion of the Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into the Stalking Horse APA and to Provide the Stalking Horse Bid Protections Thereunder, (C) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption Procedures, and (E) Granting Related Relief; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief*, filed concurrently herewith.

manufacturing lines until the Rejection Effective Date will encourage open and competitive bidding by allowing potentially interested bidders to submit topping bids to assume one or both of the Equipment Leases (i.e., submit a deal involving three diaper lines or all four).  <u>Second</u>, in the event that the Court approves the Stalking Horse Bid, or any higher or otherwise better bid similarly interested in rejecting the Equipment Leases, the Debtors may avoid the incurrence of additional expenses associated with the Equipment and Equipment Leases by rejecting these leases immediately (as opposed to a later date certain), as they will be of no value to the Stalking Horse Bidder or other successful bidder.  In such a scenario, remitting payments for Equipment after the Bid Deadline when it will not be utilized by the purchaser would constitute a wasteful drain of the estates' assets.  <u>Third</u>, enabling the Debtors to reject the Equipment Leases as of the Rejection Effective Date (as opposed to a later date certain) will permit the Debtors to maintain their operations postpetition for an optimal amount of time:  prematurely shutting down the Equipment could detrimentally impact the Debtors' profits by depriving them of the ability to finish up remaining supplies of raw materials specific to the Equipment, but continuing to operate the Equipment for any period of time after the Bid Deadline if no bidder is interested in assuming the Equipment Leases will impose undue administrative costs and burdens on the Debtors' estates.

## **BASIS FOR RELIEF**

**A.    The Rejection of the Equipment Leases Is an Appropriate Exercise of the Debtors' Business Judgment**

12.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."  <u>In re Republic Airways Holdings Inc.</u>, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016)

(quoting Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993)); see also In re Exide Techs., 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization"). The bankruptcy court should approve a debtor's rejection of an executory contract or unexpired lease if such rejection is an exercise of the debtor's sound business judgment, benefits its estate, and is not made in bad faith. See In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment where bankruptcy court found rejection would benefit estate). A debtor's decision to reject an executory contract must be summarily affirmed, unless it is the product of bad faith, or whim or caprice. See In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (holding the business judgment standard applicable, absent bad faith, whim, or caprice).

13. The Debtors have determined, in the sound exercise of their business judgment, that, as of the Rejection Effective Date, they will no longer need the Equipment and such Equipment Leases will have no value to the Debtors' estates. In the event that the Stalking Horse Bid, or a higher or otherwise better bid that does not contemplate assumption of the Equipment Leases, is approved by the Court, the Debtors will reject the Equipment Leases. This Motion, which is being served on the Equipment Lessors by overnight mail and by email, provides sufficient notice to such Equipment Lessors that the Debtors are seeking authority, but not direction, to unequivocally reject their interests in the Equipment Leases as of the Rejection Effective Date.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

14. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). To implement the foregoing successfully, the Debtors respectfully request, to the extent Bankruptcy Rule 6004 is applicable to the relief requested herein, that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen day stay period under Bankruptcy Rule 6004(h) and any other applicable Bankruptcy Rule.

## RESERVATION OF RIGHTS

15. Nothing in the Proposed Orders or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

## NOTICE

16. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Food & Drug Administration; (v) counsel for the Prepetition CIT Secured Parties; (vi) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; (vii) the Equipment Lessors; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the

relief requested herein, the Debtors submit that no other or further notice is necessary.  No previous motion for the relief sought herein has been made to this court or any other court.

*[Remainder of Page Left Intentionally Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper and such other and further relief as may be just and proper.

Dated: October 23, 2023
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Edmon L. Morton*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 4119)
Heather P. Smillie (Del. No. 6923)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
hsmillie@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Brian S. Lennon (*pro hac vice* pending)
Debra M. Sinclair (*pro hac vice* pending)
Erin C. Ryan (*pro hac vice* pending)
Jessica D. Graber (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
blennon@willkie.com
dsinclair@willkie.com
eryan@willkie.com
jgraber@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*