## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UNCONDITIONAL LOVE INC., *et al.*,[1] | Case No. 23-11759 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. __ |

**ORDER (I) AUTHORIZING THE DEBTORS TO**
**REJECT THE EQUIPMENT LEASES, EFFECTIVE AS**
**OF THE REJECTION EFFECTIVE DATE, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), pursuant to sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (i) authorizing the Debtors, in their discretion, to reject, as of the Rejection Effective Date, certain unexpired equipment leases, including any amendments or modifications thereto, each as set forth on Exhibit 1 attached hereto (collectively, the "Equipment Leases"), and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Unconditional Love Inc. d/b/a Hello Bello (5895), Unconditional Love Canada, Inc., and The Best Training Pants in the World Inc. (9369).  The Debtors' headquarters is located at 17383 Sunset Blvd, Suite B200, Pacific Palisades, CA 90272.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and having found that the Debtors' notice of the Motion and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors are authorized to reject the Equipment Leases, and any and all agreements, amendments, and modifications thereto, effective as of 11:59 p.m. (prevailing Eastern Time) on the date which is one (1) business day following notice (with email being sufficient) from the Debtors to the Equipment Lessors that rejection will become effective (the "Rejection Effective Date").

3.       From the Petition Date through the Rejection Effective Date, the Debtors are authorized to and will pay all fees and expenses due and owing to the Equipment Lessors in accordance with the terms of the Equipment Leases, as applicable, in the ordinary course of business without further notice to, or approval by, the Court.

4.       Following the Rejection Effective Date, the Equipment Lessors must file any claims for damages under section 502 of the Bankruptcy Code or other claims in connection with

the relevant Equipment Lease or the rejection, breach, or termination of the relevant Equipment Lease in accordance with any claims bar date set by the Court.  The failure to file a timely claim shall forever prohibit the Equipment Lessors from receiving any distribution on account of such claims from the Debtors' estates or otherwise.

5.      Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

6.      The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Equipment Leases**

| Lessor Name & Address | Location of Equipment | | |
| --- | --- | --- | --- |
| | Street Address | City | State |
| CSC Leasing | 2101 Texas Central Pkwy | Waco | TX |
| SCG Capital Corporation | 2101 Texas Central Pkwy | Waco | TX |