IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| UNCONDITIONAL LOVE INC., *et al.*,[1] | ) ) ) | Case No. 23-11759 (MFW) |
| Debtors. | ) ) ) | (Jointly Administered) **Ref. Docket No. 205** |

ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EFFECTIVE AS OF NOVEMBER 6, 2023

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel to the Committee, effective as of November 6, 2023; and upon the Jones Declaration and the LeBlanc Declaration, which were submitted concurrently with the Application; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their U.S. federal tax identification numbers, are: Unconditional Love Inc. d/b/a Hello Bello (5895), Unconditional Love Canada, Inc., and The Best Training Pants in the World Inc. (9369). The Debtors' headquarters is located at 17383 Sunset Blvd., Suite B200, Pacific Palisades, CA 90272.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Committee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Committee is hereby authorized to employ and retain PSZ&J as counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 201401, effective as of November 6, 2023.

3. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4. PSZ&J shall make all reasonable efforts to avoid the duplication of services provided by any of the other retained Professionals in these Chapter 11 Cases.

5. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court, and any Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered by the Court, and any other applicable procedures and orders of the Court. PSZ&J also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by PSZ&J in these Chapter 11 Cases.

6. PSZ&J shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the retention of PSZ&J are implemented, and PSZ&J shall file such notice with the Court; *provided, however*, that in the event that the PSZ&J attorneys responsible for this matter do not have sufficient advance notice of such rate increases, PSZ&J shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the PSZ&J attorneys responsible for this matter. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. To the extent that there may be any inconsistency between the terms of the Application, the Jones Declaration, and this Order, the terms of this Order shall govern.

8. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement in connection with the retention of PSZ&J, PSZ&J shall not seek reimbursement of expenses for office supplies.

9. Notwithstanding anything in the Application to the contrary, PSZ&J shall (i) to the extent that PSZ&J uses the services of contract attorneys, independent contractors, or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, pass through the cost of such Contractors at the same rate that PSZ&J pays the Contractors; (ii) seek reimbursement for

actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PSZ&J; and (iv) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

10. The Committee and PSZ&J are authorized to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or any supporting declarations, this Court retains exclusive jurisdiction with respect to any and all matters arising from, arising out of, or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 27th, 2023  
Wilmington, Delaware  
MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

DE:4882-8411-0738.5 88119.00001

4